IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

KIMBERLY CRAIG,            )
                           )
    v.                     )   Case No. 3:22-cv-00951
                           )
DARON HALL,                )
Davidson County Sheriff    )

TO: Honorable Waverly D. Crenshaw, Jr., United States District Judge

# REPORT AND RECOMMENDATION

The above-captioned petition for a writ of habeas corpus under 28 U.S.C. § 2241 referred to the Magistrate Judge for further proceedings under 28 U.S.C. § 636(b)(1)(B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court. *See* Order entered January 17, 2024 (Docket Entry No. 9).

Pending before the Court is Respondent's motion to dismiss (Docket Entry No. 13), to which Petitioner has responded in opposition. For the reasons set out below, the undersigned respectfully recommends that the motion be **GRANTED** and that the petition be **DENIED AND DISMISSED**.

## I. BACKGROUND

On May 18, 2021, Kimberly Craig ("Petitioner") was arrested by officers of the Metro Nashville Police Department ("MNPD") after a traffic stop in Davidson County, Tennessee and was charged with the crime of driving under the influence in violation of Tennessee Code Ann. 55-10-401. Petitioner is awaiting trial. It appears from the parties' filings that she has been released on bond pending resolution of the charge but failed to appear for her most recent court proceedings.[1] Neither party has provided an update of the current status of the criminal charge.

---

[1] *See* Respondent's Memorandum in Support (Docket Entry No. 14) at 1; Petitioner's Response (Docket Entry No. 8) at 1, n.1.

Petitioner was appointed defense counsel by the Davidson County General Sessions Court ("General Sessions Court"). Pursuant to an agreed protective order, defense counsel had the opportunity to view the police officers' body-worn and in-car camera video footage ("BWC Video") from her arrest. Prior to the commencement of a preliminary hearing in the General Session Court, Petitioner issued a subpoena *duces tecum* to the MNPD to obtain production of the BWC Video.[2] Upon the motion of the MNPD, the General Sessions Court issued an order quashing the subpoena, finding that Petitioner was not entitled to discovery of the BWC Video under the Tennessee Rules of Criminal Procedure and state law while the matter remained in the General Sessions Court.[3]

Petitioner then filed a petition in the Davidson County Criminal Court for a writ of certiorari, seeking review of the order quashing the subpoena and arguing that she had a right to discovery of the material for use at the preliminary hearing scheduled before the General Sessions Court. Her petition was denied by the Davidson County Criminal Court, which found that Petitioner had no right under Rule 16 of the Tennessee Rules of Criminal Procedure to the discovery that she sought and that she could not use a subpoena under Rule 17 of the Tennessee Rules of Criminal Procedure to circumvent the disclosure requirements and limitations of Rule 16.[4] The Tennessee Court of Criminal Appeals subsequently denied Petitioner's application for an extraordinary appeal on April 18, 2022, finding that Petitioner had not shown any basis for

---

[2] *See* Petitioner's Appendix (Docket Entry No. 11-1) at 4.
[3] *Id*. at 72-73.
[4] *Id.* at 43-46.

immediate appellate review,[5] and the Tennessee Supreme Court thereafter declined her request for further review.

Through counsel, Petitioner filed the instant petition on November 22, 2022, seeking federal *habeas corpus* relief. *See* Petition (Docket Entry No. 1). Petitioner subsequently filed an amended petition, changing the named respondent to Davidson County Sheriff Darron Hall and changing the statutory basis to seek relief under 28 U.S.C. § 2241. *See* First Amended Petition (Docket Entry No. 11) and Appendix (Docket Entry No. 11-1).

Petitioner asserts that the BWC Video would "greatly assist" her at her preliminary hearing before the General Sessions Court and that she wishes to confront the State's witnesses with the video footage during the preliminary hearing. Petitioner claims that the denial of the production of the BWC Video violates her Sixth and Fourteenth Amendment right to compulsory process. *See* First Amended Petition (Docket Entry No. 11 at ¶¶ 10 & 17. Petitioner further contends that the federal constitutional issue that she presents is effectively unreviewable if presented only after the conclusion of the criminal proceedings and that it is therefore appropriate for federal *habeas* review at this time because the claim cannot be resolved either by trial in the state courts or by other state procedures. *Id*. at ¶¶ 11-16. As relief, Petitioner seeks: (1) an order requiring the MNPD to provide her with a copy of the BWC Video for her use at the preliminary hearing; (2) an order granting Petitioner "any requested discovery or process needed for the full presentation of her claims of constitutional error;" and, (3) an evidentiary hearing on her claims. *Id*. at p. 7.[6]

---

[5] *Id*. at 120-123.
[6] Although somewhat unclear, it appears from the parties' filings that the preliminary hearing has not yet occurred and that the case remains in the General Sessions Court.

In lieu of an answer, Respondent filed the pending motion to dismiss. (Docket Entry No. 13.) Respondent argues that the Court must dismiss the petition because (1) a federal *habeas* petition is not a vehicle to attack state court rulings on state procedural matters, such as the one at issue, and (2) the abstention doctrine set out in *Younger v. Harris*, 401 U.S. 37, 41, 43-45 (1971), applies and requires this Court to abstain from interfering with the ongoing state criminal proceedings. *See* Respondent's Memorandum in Support (Docket Entry No. 14).

In response, Petitioner argues that *Younger* abstention does not apply because the very nature of her request for relief requires that it be heard prior to the conclusion of the state court proceedings. She argues that if the Court abstains from hearing her claim and the preliminary hearing occurs, her claim either will become moot if the criminal charge is bound over or dismissed or it will be deemed waived if she pleads guilty. *See* Petitioner's Response (Docket Entry No. 15).

Respondent replies that Petitioner fails to provide any authority showing that *Yougner* abstention should not apply. *See* Reply (Docket Entry No. 17). Further, Respondent argues that Petitioner's claim is, for all purposes, a challenge to the state court's interpretation of its own rule and procedures regarding criminal discovery and that Petitioner provides no authority supporting a conclusion that her federal constitutional rights have been violated by her inability to obtain discovery for use at the preliminary hearing. *Id*.

## II. LEGAL STANDARDS AND ANALYSIS

The Court finds that Petitioner is not entitled to the *habeas corpus* relief that she seeks and that the instant petition is appropriately denied. Section 2241 of Title 28 authorizes federal courts to issue writs of *habeas corpus* on behalf of a prisoner who "is in custody in violation of

4

Case 3:22-cv-00951    Document 18    Filed 11/07/24    Page 4 of 9 PageID #: 403

the Constitution or laws or treaties of the United States[,]" 28 U.S.C. § 2241(c)(3), and a pretrial detainee may bring a petition under Section 2241 to challenge a state prosecution prior to a judgment. *Christian v. Wellington*, 739 F.3d 294, 297 (6th Cir. 2014); *Phillips v. Court of Common Pleas, Hamilton Cnty., Ohio*, 668 F.3d 804, 809 (6th Cir. 2012).

The right to seek pretrial *habeas* relief under Section 2241 is limited, however, and federal courts should generally abstain from interfering with pending state criminal prosecutions absent extraordinary circumstances. *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 364 (1989); *Younger v. Harris*, 401 U.S. 37, 45 (1971); *Atkins v. People of State of Mich.*, 644 F.2d 543, 546 (6th Cir. 1981); *Hessmer v. Bryan*, No. 3:22-cv-00901, 2022 WL 17543340, at *2 (M.D. Tenn. Dec. 8, 2022). The limitation imposed on pretrial *habeas* relief recognizes the "longstanding public policy against federal court interference with state court proceedings." *Younger*, 401 U.S. at 43. *See also Doe v. Univ. of Kentucky*, 860 F.3d 365, 368 (6th Cir. 2017) ("*Younger* abstention derives from a desire to prevent federal courts from interfering with the functions of state criminal prosecutions and to preserve equity and comity."). Indeed, *Younger* abstention has been noted by the Sixth Circuit to be "a near-absolute restraint rule when there are pending state criminal proceedings." *Parker v. Turner*, 626 F.2d 1, 8 (6th Cir. 1980).

In determining whether *Younger* abstention applies, courts consider the following criteria: (1) whether there is an ongoing state judicial; (2) whether the proceeding implicates important state interests; and, (3) whether there is an adequate opportunity in the state proceeding to raise constitutional challenges. *Kelm v. Hyatt*, 44 F.3d 415, 419 (6th Cir. 1995); *Folley v. Banks*, No. 20-3554, 2020 WL 9813535, at *2 (6th Cir. Aug. 31, 2020) (applying

5

*Younger* abstention to a Section 2241 petition). Here, the Court finds that the three factors under *Younger* are met.

First, there is no question that Petitioner has an ongoing state criminal proceeding. Second, it is axiomatic that such a proceeding implicates important state interests because "the prosecution of crimes implicates the important state interest of interpreting statutes and maintaining law and order within a state." *Montgomery v. Hall*, No. 3:21-cv-007012022 WL 2721056, at *2 (M.D. Tenn. June 6, 2022) (quoting *Folley*, 2020 WL 9813535 at *2). Third, the record shows that Petitioner has been able to raise and pursue her claim in the state courts and has therefore had an adequate opportunity to raise her constitutional claim. *See Kelm*, 44 F.3d at 420 ("[T]he plaintiff must prove the inadequacy of the state courts.").

Although Petitioner argues that the unique nature of her claim, which attacks a state court decision barring discovery for use at a preliminary examination in the General Sessions Court, means that she will never have an adequate opportunity to raise her claim in the state courts, *see* Response at 3, the Court is not persuaded by this argument. State court proceedings have consistently been found to provide an adequate opportunity to raise constitutional challenges. *See e.g. Gonnella v. Johnson*, 115 F.App'x 770, 772 (6th Cir. 2004); *Cooper v. Parrish*, 203 F.3d 937, 955 (6th Cir. 2000); *Sims v. McCarter*, No. 3:18-cv-0072, 2018 WL 1138537, at *3 (M.D. Tenn. Mar. 2, 2018). A federal plaintiff arguing that they had an inadequate opportunity to raise constitutional claims in state court "has the burden to show that state procedural law barred presentation of [their] claims." *Armco, Inc. v. United Steelworkers of Am.*, 280 F.3d 669, 682 (6th Cir. 2002). Absent a showing that the claim was barred from being heard in the state court,

6

abstention should apply. *Am. Family Prepaid Legal Corp. v. Columbus Bar Ass'n*, 498 F.3d 328, 334 (6th Cir. 2007); *Sims*, 2018 WL 1138537, at *3. Petitioner fails to make this showing.

Because Petitioner has not shown that *Younger* abstention does not apply, and because she has not shown that her petition falls within any recognized exception to *Younger* abstention, *see Folley*, 2020 WL 9813535 at *2; *Jones v. Tennessee*, No. 3:11-cv-00391, 2012 WL 715657, at *4 (M.D. Tenn. Mar. 1, 2012), this Court should abstain from hearing the claim brought in her petition.

Furthermore, even if *Younger* abstention was not required, Petitioner has not set forth a persuasive legal argument that she is entitled to Section 2241 *habeas* relief under the prevailing law of this Circuit. The Sixth Circuit has plainly held that there is no federal constitutional right to a preliminary hearing. *See Dillard v. Bomar*, 342 F.2d 789, 790 (6th Cir. 1965); *Patterson v. Gray*, No. 20-3872, 2020 WL 6778410, at *2 (6th Cir. Nov. 9, 2020). Numerous courts with the Sixth Circuit have also noted the lack of any authority holding that the denial of discovery at the preliminary examination stage of criminal proceedings rises to the level of a constitutional deprivation. *See e.g. Maglaya v. Buchkoe*, 515 F.2d 265, 268-69 (6th Cir. 1975) ("Further, we are shown no authority which holds that the denial of discovery at the preliminary examination stage of criminal proceedings rises to the level of a constitutional deprivation."); *Manizak v. Harry*, CASE NO. 23:16-CV-10657, 2017 WL 3314288, at *6 (E.D. Mich. Aug. 3, 2017) ( "In any event, there is no clearly established Supreme Court law which requires that exculpatory evidence be provided to a defendant prior to or at a preliminary examination."); *Dewulf v. McKee*, No. 11-14603, 2015 WL 1197547, at *10 (E.D. Mich. Mar. 16, 2015) ("In the absence of any Supreme Court caselaw that requires the disclosure of exculpatory evidence to a criminal

7

Case 3:22-cv-00951   Document 18   Filed 11/07/24   Page 7 of 9 PageID #: 406

defendant prior to the preliminary examination, the prosecutor's failure to provide the victim's medical report to the petitioner before the preliminary examination in this case does not entitle him to habeas relief, when the petitioner ultimately had this report at trial.").

Petitioner frames her petition as one implicating her right to compulsory process under the Sixth and Fourteenth Amendments. However, she fails to set forth persuasive legal support for an argument that her constitutional right to compulsory process has been violated, and her petition is essentially a complaint about state criminal law and procedures. Such a complaint falls outside the purview of federal *habeas corpus* relief. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); *Lewis v. Jeffers*, 497 U.S. 764, 779 (1990) ("federal habeas corpus relief does not lie for errors of state law") *Pulley v. Harris*, 465 U.S. 37, 41 (1984) ("A federal court may not issue the writ on the basis of a perceived error of state law.").

## RECOMMENDATION

Based on the foregoing, it is respectfully **RECOMMENDED** that: Respondent's motion to dismiss (Docket Entry No. 13) be **GRANTED**, the Petition for Habeas Corpus Relief be **DENIED**, and this action be **DISMISSED**.

**ANY OBJECTIONS** to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections

must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge

9